# IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF A MEMBER  §
OF THE BAR OF THE SUPREME  § No. 358, 2020
COURT OF DELAWARE:  §
 § Board Case No. 114277-R
MATTHEW M. CARUCCI,  §
 §
     Petitioner.  §

Submitted: October 28, 2020
Decided:  November 9, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

It appears to the Court that:

(1)	On February 8, 2016, this Court suspended the petitioner, Matthew M. Carucci, from the practice of law in Delaware for eighteen months, retroactive to October 30, 2013.[1] Carucci became eligible to petition for reinstatement in February 2016.  Carucci filed his petition for reinstatement on August 12, 2020.  The Office of Disciplinary Counsel supported Carucci's petition, and the parties agreed and stipulated to certain conditions to Carucci's reinstatement.

(2)	The Board on Professional Responsibility held a hearing on Carucci's petition and filed its Report and Recommendation with this Court on October 27, 2020.  The Board recommends that Carucci be reinstated subject to the proposed

---

[1] *In re Carucci*, 2016 WL 497170 (Del. Feb 8, 2016).

conditions in his petition for reinstatement. The Office of Disciplinary Counsel and Carucci have informed the Court that they will not be filing any objections to the Report and Recommendation.

(3) The Court has reviewed the Report and Recommendation carefully. The Court has determined that the Board's Report and Recommendation should be adopted in its entirety.

NOW, THEREFORE, IT IS ORDERED that the Board's Report and Recommendation (which is attached) is ACCEPTED. Matthew M. Carucci, Esquire, shall be reinstated, effective immediately, as a member of the Bar of this Court, subject to the following conditions:

1. For two years immediately following reinstatement, Carucci shall not engage in the practice of law as a solo practitioner or serve as the managing partner in charge of books and records for any firm. Carucci shall provide written notice to ODC identifying the name of any firm for which he performs legal services within 10 days beginning such services as either an employee or independent contractor. Carucci shall notify any law firm or law-related employer of this condition.

2. For two years immediately following reinstatement, Carucci shall meet on a monthly basis with a mutually agreed-upon practice monitor who will review closely Carucci's legal work and cases. The practice monitor will agree to provide quarterly reports to ODC regarding Carucci's compliance with the conditions of reinstatement.

3. Should Carucci resume responsibility for the books and records of any firm after the two years referenced in paragraph (1), Carucci shall notify ODC in writing within 10 days. During the first year after he resumes management responsibility, Carucci shall file quarterly with the ODC an affidavit by a

2

licensed public accountant that all of his firm's law practice books, records and bank accounts have been maintained during the preceding quarter in full compliance with Rule 1.15. During the second year after he resumes management responsibility, Carucci shall file, with his Certificate of Compliance, pre-certification audit by a licensed public accountant, with a copy to ODC.

4. Carucci must timely file all required reports to the Court and its regulatory agencies, and promptly comply with and respond to all inquiries or requests for information from all Court agencies.

5. Within eight months immediately following reinstatement, Carucci must obtain certification from the Commission on Continuing Legal Education of compliance with a make-up CLE plan that includes 48 CLE hours, including 30 enhanced ethics credits, in addition to the CLE required to be completed by the Carucci as an active member of the Delaware bar. Subject to approval by the Commission on Continuing Legal Education, ODC agrees that (a) CLE completed by audit is acceptable, and (b) CLE completed in the 12 months prior to any reinstatement may count toward the 48 hours.

6. Respondent shall continue to cooperate with DE-LAP pursuant to a formal monitoring agreement and comply with all conditions deem appropriate by DE-LAP.

7. Carucci shall continue treatment and/or counseling with Neil Kaye, MD, and Alice O'Brien, or other appropriate, licensed mental health professionals approved by DE-LAP, and follow all treatment recommendations, including attending sessions, taking medications, and completing programs as recommend by the metal health professional(s), at whatever intervals are deemed appropriate by or until discharged by the mental health professional(s).

8. Carucci shall cooperate promptly and fully with ODC in its efforts to monitor compliance with the conditions of his reinstatement, including but not limited to:

   a. If, after the expiration of the two years referenced in paragraphs (1) and (3) above, Carucci resumes solo practice or resumes

3

responsibility for any law firm's books and records, Carucci will cooperate fully with the performance of any audit of his new firm's law practice books and records by an auditor for the Lawyer's Fund for Client Protection.

b. Upon request of DE-LAP or ODC, Carucci will provide authorization for release of information and documentation and/or waiver of doctor/patient privilege with his mental health treatment providers, to verify compliance with these conditions of reinstatement.

c. Carucci will not instruct any provider referenced in paragraph (b) directly above to disregard or limit information provided in response to any inquiry by DE-LAP or ODC regarding his mental health treatment.

9. Carucci will report any violations of the conditions of his reinstatement to ODC directly and cooperate with any resulting investigation.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

4